IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDY RAY MATTHEWS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1408-L |
| | § | |
| WARDEN L.E. FLEMING, et al., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil rights *Bivens* action brought by a former federal prisoner, who has been granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the case was referred to United States Magistrate Judge Wm. F. Sanderson, Jr., for pretrial management, including for review and submission of proposed findings of fact and recommendation for disposition. On December 7, 2005, the Findings, Conclusions and Recommendations of the United States Magistrate Judge (the "Report") were filed, to which Plaintiff filed objections.

After an independent review of the pleadings, file, record, applicable law, the magistrate judge's findings and conclusions, and consideration of Plaintiff's Objections, the court determines that the findings and conclusions of the magistrate judge are correct, and hereby **accepts** them as those of the court.

**I.    Discussion**

In this *Bivens* action, Plaintiff complains, among other things, that Defendants violated his constitutional rights from January 11, 2001 until February 6, 2004, during which time they were

**Memorandum Opinion and Order – Page 1**

deliberately indifferent to his back pain and pre-existing severe shoulder pain and the need for immediate surgery. The magistrate judge recommended that Plaintiff's pre-July 2003 *Bivens* claims be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(b) as frivolous because they are time-barred under the applicable two-year statute of limitations, and that Plaintiff's post-July 2003 claims be dismissed without prejudice pursuant to 42 U.S.C. § 1997(e)(A) for failure to exhaust administrative remedies. The magistrate judge further recommended that the district court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367.

In his Objections, Plaintiff contends that the statute of limitations in his *Bivens* action should begin to run on the date Plaintiff's administrative remedies were exhausted, which he contends was July 16, 2003. *See* Obj. at 5. As the magistrate judge correctly found, this is not the law. *See* Report at 3 (and cases cited therein). A *Bivens* action is controlled by the applicable state statute of limitations and accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. In this case, it is undisputed that Plaintiff knew, or had reason to know, of the injury which is the basis of the action on his pre-July 2003 claims on February 5, 2003, on which date the statute of limitations would begin to run. As the magistrate judge correctly found, the statute of limitations therefore expired two years later, on February 4, 2005, more than five months before Plaintiff filed suit. Accordingly, the court **overrules** Plaintiff's objection regarding the applicable statute of limitations on his pre-July 2003 claims. Plaintiff also appears to argue that he should not be subject to the requirement that he exhaust his administrative remedies. Once again, this is not the law. *See* Report at 4-5 (and cases cited therein). Accordingly, the court **overrules** Plaintiff's objection regarding exhaustion of administrative remedies.

## II. Conclusion

For the reasons herein stated, the court **overrules** Plaintiff's Objections to the Findings, Conclusions and Recommendations of the magistrate judge. The court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** Plaintiff's pre-July 2003 *Bivens* claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(b) as frivolous because they are time-barred under the applicable two-year statute of limitations, and **dismisses without prejudice** Plaintiff's post-July 2003 claims pursuant to 42 U.S.C. § 1997(e)(A) for failure to exhaust administrative remedies. Further, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and hereby **dismisses** them **without prejudice**. *See* 28 U.S.C. § 1367.

A final judgment dismissing this case in accordance with the foregoing will issue by separate document.

**It is so ordered** this 28th day of February, 2006.

/s/ Sam A. Lindsay
Sam A. Lindsay
United States District Judge