IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDY RAY MATTHEWS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1408-L |
| | ) | |
| WARDEN L.E. FLEMING, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court filed on October 29, 2008, this case has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a former federal prisoner pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Parties: At the time of filing this action, Plaintiff was incarcerated within the Texas Department of Criminal Justice, Correctional Institutions Division. He was released from state custody in late 2005, and presently resides in Cypress, Texas.

Defendants are the following employees of the Federal Medical Center (FMC) in Fort Worth, Texas: Warden L. E. Fleming, Health Services Administrator Paul Celestin, Clinical Director Dr. John Mills, Former Clinical Director Dr. L. Huber, Physician Assistant Jose Gomez, Counselor J. Jaacks, Jail Unit Administrator H. Solise, and two unidentified members of the Utilization Review Committee. Also named as Defendant are Dr. J. Capps, Clinical Director at

the Federal Correctional Institution (FCI) in Seagoville, Texas, and other unidentified individuals at FCI Seagoville.

The court has not issued process in this case, pending preliminary screening.

Statement of the Case: Plaintiff filed this action alleging he was denied proper medical treatment during his incarceration at FMC Fort Worth and at FCI Seagoville. He alleged that Defendants were deliberately indifferent to his serious medical needs and retaliated against him after he complained about his medical treatment. He asserted that Defendants ignored his complaints that he had torn rotator cuffs in both shoulders, refused to timely order an MRI of his shoulders, and refused to approve an orthopedic surgeon's recommendation for surgery after an MRI confirmed rotator cuff tears in both shoulders. He also asserted claims stemming from a fall, while in full restraints, at FMC Fort Worth. He requested monetary relief against all Defendants

On February 28, 2006, the District Court accepted the findings, conclusions and recommendation of the magistrate judge and dismissed Plaintiff's pre-July 2003 *Bivens* claims as frivolous because they were time barred under the applicable two-year statute of limitation. The Court also dismissed without prejudice Plaintiff's post-July 2003 claims for failure to exhaust administrative remedies based on Plaintiff's admission in a magistrate judge's questionnaire that he had not exhausted his remedies as to those claims. Lastly, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff appealed.

On June 25, 2008, the Fifth Circuit affirmed the dismissal of Plaintiff's pre-July 2003 claims, but vacated and remanded the dismissal of the post-July 2003 claims in light of the 2007 Supreme Court opinion in *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007), which held that it is improper for a district court to use screening procedures to resolve the question of exhaustion

before a responsive pleading is filed.

Following the re-referral of this case, the magistrate judge issued a supplemental questionnaire to Plaintiff inquiring about his post-July 2003 claims and any remaining negligence claims. Plaintiff filed his answers to the supplemental questionnaire on January 13, 2009.

<u>Findings and Conclusions</u>: Since the court permitted Plaintiff to proceed *in forma pauperis*, his amended complaint continues to be subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).

In answer to the supplemental questionnaire, Plaintiff abandons all claims related to his fall at FMC Fort Worth on October 21, 2003. (*See* Plaintiff's Answer to Supplemental Questions 7-9). Accordingly, these claims lack an arguable basis in law and should be dismissed.

With respect to his medical care claims, Plaintiff appears to narrow the number of defendants who were allegedly involved in the events leading up to these claims. Specifically, he alleges no involvement on behalf of L. Huber, J. Jaacks, H. Solise, and John Doe 1 and 2 from FCI Forth Worth. (*See* Answer to Supplemental Question 1). He also alleges no involvement

with regard to the unidentified defendants from FCI Seagoville. Generally an individual cannot be held liable in a *Bivens* action unless he was personally involved or participated in the alleged unconstitutional action. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (*Bivens* provides a cause of action against federal agents only in their individual capacities); *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983) (42 U.S.C. § 1983 requires a showing of personal involvement); *see Izen v. Catalina,* 382 F.3d 566, 570 n. 3 (5th Cir. 2004) (recognizing *Bivens* and § 1983 actions are analogous).

Since Plaintiff does not allege any facts that indicate personal involvement or acquiescence in the alleged constitutional deprivations on the part of Huber, Jaacks, Solise, John Does 1 and 2 from FMC Forth Worth, and the unidentified FCI Seagoville defendants, any claims against these defendants should be dismissed with prejudice as frivolous.

While Plaintiff indicates no involvement on behalf of Warden L.E. Fleming in answer to question one, he pleads facts arguably supporting Fleming's personal involvement in answer to questions two through four of the supplemental questionnaire. (*Compare* Answer to Supplemental Question 1 *with* Answer to Supplemental Questions 2-4). The latter questions inquired if Plaintiff was seeking to sue Fleming because of his status as the Warden of FMC Fort Worth, or because of some act or omission in which he personally participated or authorized other to act or fail to act with respect of his claims. (*See* Answer to Supplemental Questions 2-4). In light of Plaintiff's *pro se* status, and the apparent inconsistency between his answers to the supplemental questionnaire, Defendant Fleming should not be dismissed at the screening stage.

Accepting as true Plaintiff's claims as to the denial of medical care against the four remaining FMC Fort Worth Defendants, and the remaining FCI Seagoville Defendant, the court concludes that Plaintiff has arguably raised claims cognizable under 42 U.S.C. § 1983. *See*

*Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (to state a colorable claim for the denial of medical care under the Eighth Amendment, convicted inmates must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs.").

Plaintiff's allegations that Defendants Fleming, Celestin, Mills and Gomez ignored his repeated complaints, while he was confined at FMC Fort Worth, that he had torn rotator cuffs in both shoulders, refused to timely order an MRI of his shoulders, and declined to approve an orthopedic surgeon's recommendation for surgery after an MRI confirmed rotator cuff tears in both shoulders, arguably raise claims that they may have been deliberately indifferent to a serious medical need. (Answer to Supplemental Question 1 and attachments to Plaintiff's Amended Complaint). The same applies to the medical care claims against Dr. J. Capps for the time period Plaintiff was confined at FCI Seagoville. Therefore, Plaintiff's medical care claims against Fleming, Celestin, Mills, Gomez, and Capps should not be dismissed at the screening stage.

In answer to the supplemental questionnaire, Plaintiff reiterates negligence and/or medical malpractice claims against Defendants Gomez and Capps, in their individual capacities, from July 8, 2003, until February 6, 2004. (*See* Answer to Supplemental Question 5).[1]

It has long been recognized that federal employees are immune from tort liability for acts committed in the performance of their official duties. *See Chafin v. Pratt,* 358 F.2d 349, 352-53 (5th Cir. 1966). The Federal Tort Claims Act (FTCA) expressly reserved this immunity for federal employees who were acting within the scope of their employment at the time of the acts

---

[1] But see the answer to Supplemental Question 11 in which Plaintiff states that he is not seeking to allege any negligence claims against Capps from February 6, 2004, until April 29, 2005.

5

giving rise to the claim. *See* 28 U.S.C. § 2679(b)(1); *see also Harris v. United States,* 340 F.Supp.2d 764, 770 (S.D. Tex. 2004) ("Title 28 U.S.C. § 2679(b) provides absolute immunity to any federal employee acting within the *'scope of his office or employment.'"*) (emphasis in original) (citations omitted)). Section 2679 provides that the remedy for injuries caused by the negligent or wrongful acts or omissions "of any employee of the Government while acting within the scope of his office or employment" lies solely against the United States. 28 U.S.C. § 2679(b)(1). In other words, the FTCA does not allow suit against a federal employee individually for negligent acts that occurred within the scope of employment. *See id.* In this connection, the Fifth Circuit has held that an FTCA claim against federal employees, individually, must be dismissed for want of jurisdiction. *See Galvin v. Occupational Safety & Health Admin.,* 860 F.2d 181, 183 (5th Cir. 1988); *see also Atorie Air, Inc. v. Federal Aviation Admin.,* 942 F.2d 954, 957 (5th Cir. 1991) (holding that the district court properly dismissed all defendants other than the United States for lack of subject matter jurisdiction).

None of Plaintiff's allegations assert that Gomez or Capps acted outside the scope of their employment. *See Garcia v. United States*, 88 F.3d 318, 320 (5th Cir. 1996) ("Under Texas law, an employee is within the scope if acting (1) within the general authority given by the employer, (2) in furtherance of the employer's business, and (3) for the accomplishment of the object for which employed."). Because any remedy under the FTCA would lie exclusively against the United States, the court lacks jurisdiction over Plaintiff's negligence claims against Defendants Gomez and Capps in their individual capacities. *See* Fed. R. Civ. P. 12(h)(3).[2]

---

[2] Even if Plaintiff had sued the United States under the FTCA, it appears that he has not exhausted his administrative remedies. (*See* Answers to Supplemental Questions 6 and 11).

RECOMMENDATION:

For the foregoing reasons, it is recommended that all claims related to the October 21, 2003 fall at FMC Fort Worth, and all claims against L. Huber, J. Jaacks, H. Solise, John Doe 1 and 2 from FMC Fort Worth, and any unidentified defendants from FCI Seagoville be DISMISSED as frivolous. *See* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

It is further recommended that Plaintiff's negligence claims against Defendants Jose Gomez and J. Capps be DISMISSED for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and that PROCESS be issued on Plaintiff's medical care claims against Defendants L.E. Fleming, Paul Celestin, John Mills, Jose Gomez, and J. Capps, in their individual capacities, under *Bivens*.

Since Plaintiff was previously granted leave to proceed *in forma pauperis*, the Clerk should be directed to prepare and issue summons for Defendants Fleming, Celestin, Mill, Gomez and Capps, and deliver the same to the United States Marshal for service of process pursuant to Rule 4, Federal Rules of Civil Procedure, along with a copy of the amended complaint, Plaintiff's answers to the magistrate judge's supplemental questionnaire, and the recommendation of the magistrate judge.[3]

---

[3] It has come to the court's attention that FMC Fort Worth is now called FCI Fort Worth. All service of process on the FMC Fort Worth defendants should be accomplished at the FCI Fort Worth address.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 22nd day of January, 2009.

／s／ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.